IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIVE AMERICAN ARTS, INC.,         )
                                    )
             Plaintiff,             )
                                    )
    v.                              )    No. 05 C 2176
                                    )
DUCK HOUSE, INC.,                   )
                                    )
             Defendant.             )

## MEMORANDUM OPINION AND ORDER

Plaintiff Native American Arts, Inc. ("NAA") alleges it is an "Indian arts and craft organization." See 25 U.S.C. 305e(d)(4) ("any legally established arts and crafts marketing organization composed of members of Indian tribes"). Plaintiff alleges that defendant Duck House, Inc. has violated Indian Arts and Crafts Acts (collectively "IACA") codified at 25 U.S.C. §§ 305-10. Plaintiff alleges that defendant has violated the IACA by directly or indirectly advertising, marketing, distributing, and selling goods, including Indian-clothed dolls, that are falsely suggested to be Indian products or Indian produced. Plaintiff also brings a state law claim against defendant based on indemnity. In the indemnity count, plaintiff

alleges that The Swiss Colony, Inc. violated the IACA by selling products supplied by Duck House and that Swiss Colony settled the claims that NAA brought against it in the original Complaint. It is further alleged that Duck House agreed to indemnify Swiss Colony for any damages incurred as a result of selling Duck House's products. As part of Swiss Colony's settlement with plaintiff, Swiss Colony allegedly assigned to plaintiff any indemnity rights Swiss Colony had as against Duck House for the sale of the allegedly IACA-violating products supplied by Duck House.

Plaintiff seeks compensatory damages and an injunction. On Duck House's motion to dismiss, it was previously held that the indemnity claim damages are limited to the amount of the settlement with Swiss Colony. See March 1, 2007 Order at 20-25. While the IACA provides for actual or statutory damages, see 25 U.S.C. § 305e(a)(2), plaintiff has previously represented that it is pursuing statutory damages. See March 1, 2007 Order at 3-4.

Presently pending are each party's motion to compel and each party's related motion for sanctions. A prior order provides that all discovery is to be completed by October 24, 2007.

Defendant complains that plaintiff has not answered three interrogatories and six requests for production, instead responding with objections conclusorily asserting the interrogatories and requests are "[v]ague, overbroad, unduly burdensome, irrelevant and not designed to lead to relevant information." Plaintiff also contends that it has provided any appropriate information in response to other requests. Most of the information sought pertains to plaintiff's sale of Indian products, which defendant contends is relevant to the issue of plaintiff's standing and damages.

The disputed interrogatories are Numbers 6, 7, and 8. Number 6 requests, for the years 2001 through 2007, a listing of every sale by NAA of certain dolls, including a full description of the doll, the retail price, the wholesale price, the purchaser, and the invoice. Number 7 requests, for the years 2001 to the present, NAA's gross income and total net profit from the sale of dolls, and the amount of settlements received from defendants in settling cases related to the sale of dolls. Number 8 is: "Identify each and every defendant in any case brought by NAA under the IACA which sold dolls that were the subjects of the litigation." The production requests are for: (35) purchase orders for dolls; (36) invoices for sales of dolls;

(37) documents identifying the manufacturers of dolls that are sold; (38) documents confirming NAA's market share in the doll market for 2000 through 2007; (39) documents confirming NAA's loss of market share due to Duck House's sales for the years 2000 through 2007; and (40) NAA's tax returns for 2000 through 2007.

The claims in this case are limited to 2002 through 2006. Unless plaintiff intends to bring claims that include 2007 activity, it need not provide responses covering 2007. No responses covering 2000 are necessary and any responses covering 2001 would be limited to information relevant to making comparisons between 2001 and 2002 for purposes of showing the alleged effect of defendant's 2002 conduct on plaintiff's sales in 2002. Since plaintiff disavows proving any such effect, it need not provide any 2001 documents.

Plaintiff represents that it does not keep records of individual sales and invoices. In particular, it does not know the names of individual purchasers at retail outlets nor do the cash register receipts for the retail outlets show the particular items that were sold. Plaintiff contends that the documentation it has provided of the dolls it sells, including photographs and internet website printouts adequately informs defendant regarding the types of dolls it has sold.

- 4 -

Plaintiff will not be required to provide individual invoices that do not exist. Even if they do exist, that would be unduly burdensome. Plaintiff, however, will be required to provide a list of the various dolls it sold from 2002 through 2006, the time periods that they were sold, prices for which they were sold each year, and the sources for the dolls. If sold to retailers, plaintiff shall provide the wholesale price at which the dolls were sold as well as the suggested retail price, if any. If sold in plaintiff's own retail stores, plaintiff shall provide the retail prices at which they were sold. As to each doll, plaintiff shall state whether it is the manufacturer or, if not, from whom each type of doll was purchased. Plaintiff does not need to describe the dolls, but must identify the documents that describe and contain pictures of each doll. Plaintiff shall provide whatever documents it has to support the above information. Plaintiff must tell defendant what retail and internet outlets it had during the time period. To the extent plaintiff sold the dolls to others for retail sale, plaintiff must provide a description of the distribution network during the relevant time period.

Plaintiff contends it should not be required to answer Interrogatory No. 7 because its financial results are irrelevant

to any proof it is required to make in the case. Plaintiff will not be required to answer Interrogatory No. 7. However, by choosing not to answer this interrogatory, plaintiff will be precluded from attempting to prove any general effect on its sales. That likely would preclude plaintiff from claiming actual damages. Also, plaintiff would still have to otherwise prove that it suffered an injury that would support its standing in this case.

Plaintiff will not be required to answer Interrogatory No. 8. It is highly unlikely that information about other persons with whom plaintiff has settled will be useful to defendant showing that the other persons, not defendant, caused any injury plaintiff may have suffered.

Other than the documentation of plaintiff's sales described above, plaintiff will not be required to further answer Production Requests Nos. 35, 36, and 37. Since plaintiff is disavowing any attempt to show a general effect on its sales, it will not be required to respond to Production Requests Nos. 38 and 39. Defendant does not point to any relevancy of plaintiff's tax returns, so plaintiff need not respond to Production Request No. 40.

As a sanction, defendant requests that certain facts be declared as established in light of plaintiff's failure to provide certain documentation. No such sanction will be imposed. Plaintiff, of course, will not be permitted to submit any documents that it failed to provide in response to discovery requests. It will also not be permitted to try to prove facts that would have been responsive to interrogatories that it declined to answer as irrelevant. To the extent plaintiff acts to the contrary, either in response to summary judgment or at trial, defendant should raise an appropriate objection.[2]

Plaintiff's motion to compel does not raise any specific issue regarding any objection that defendant may have raised to a discovery request of plaintiff. Instead, plaintiff's motion seeks assurances that, when it goes to examine the documents that defendant has stored in California, the documents will be organized in a usable manner. Defendant's response to the motion does not address this issue. In court hearings, however,

---

[2]The appropriate way to raise this issue on summary judgment is to point out such issues in a summary judgment reply or answer brief, or in a Local Rule 56.1 statement. Motions to strike are an inappropriate response to summary judgment. As to trial issues, the appropriate avenue is to object to exhibits in the pretrial order or file a motion in limine if plaintiff otherwise indicates it will present evidence not disclosed during discovery.

defendant has acknowledged that it is obliged to provide the documents in a usable manner. Therefore, plaintiff's motion to compel and the related motion for sanctions will be denied without prejudice. However, if plaintiff goes to examine the documents and they are not organized in a usable manner, defendant will be required to reimburse plaintiff for any expenses incurred for its attorney making a useless trip and defendant may, thereafter be required, at its own expense, to make copies of all documents and deliver them to Chicago.

IT IS THEREFORE ORDERED that defendant's motion to compel [165] is granted in part and denied in part. Within two weeks, plaintiff shall provide the additional responses. Defendant's motion for sanctions [163] is denied without prejudice. Plaintiff's motion to compel and for sanctions [169] is denied without prejudice. Each party shall bear its own costs related to the motions.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 20, 2007